IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL LOPEZ, on behalf
of A.J.L., a minor,

    Plaintiff,

v.                                                        Civ. No. 16-1069 SCY

NANCY BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Remand to Agency for Rehearing with Supporting Memorandum. Doc. 21. Having reviewed the Motion, the relevant law, and being otherwise fully advised, the Court DENIES the Motion for the reasons explained below.

**I.    BACKGROUND**

Plaintiff brings the present claim on behalf of A.J.L., a minor. Plaintiff protectively filed an application for supplemental security income on January 24, 2013. AR 13. Plaintiff claimed that A.J.L. was disabled due to attention deficient hyperactivity disorder. AR 57. Plaintiff claimed a disability onset date of August 1, 2009. AR 57. Plaintiff's claim was denied initially on May 7, 2013. AR 13. Plaintiff thereafter requested a hearing. AR 13. The hearing was held on January 5, 2015. AR 13. On January 29, 2015, the Administrative Law Judge (ALJ) issued her decision finding A.J.L. not disabled. AR 27. This appeal followed. Because the parties are familiar with the record in this case, the Court will reserve discussion of A.J.L.'s pertinent medical history for its analysis of the issues currently presented.

1

## II.  APPLICABLE LAW

### A. Determining Disability for Children

A child is disabled for purposes of receiving SSI if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 1382c(a)(3)(C)(i). The ALJ uses a three-step sequential evaluation process to determine whether an individual under the age of 18 is disabled. 20 C.F.R. § 416.924(a); *see also Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001). At Step One, the ALJ determines whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b); *see also Briggs*, 248 F.3d at 1237. If he or she is, the ALJ may not find the child to be disabled. 20 C.F.R. § 416.924(b). At Step Two, the ALJ examines whether "the child has an impairment or combination of impairments that is severe . . . ." *Briggs*, 248 F.3d at 1237 (citing 20 C.F.R. § 416.924(a)); *see also* 20 C.F.R. § 416.924(c). If there are no severe impairments, the child is not disabled. 20 C.F.R. § 416.924(c). Finally, at Step Three the ALJ determines whether the child's impairment(s) "meets or equals an impairment listed in Appendix 1, Subpart P of 20 C.F.R. Pt. 404." *Briggs*, 248 F.3d at 1237 (citing 20 C.F.R. § 416.924(a)); *see also* 20 C.F.R. §419.924(d).

"An impairment will be found to cause 'marked and severe functional limitations' if it meets or medically equals a listed impairment, or if it is functionally equal in severity to a listed impairment." *Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1156–57 (D. Kan. 2004) (citing 20 C.F.R. §§ 416.924(d), 416.926a). "To be functionally equivalent, the child's limitations must be at least equal in severity and duration to limitations associated with a listed impairment." *Id.* (citing 20 C.F.R. § 416.926). "The 'functionally equivalent' analysis

requires the Commissioner to analyze six domains, which are 'broad areas of functioning intended to capture all of what a child can or cannot do.'" *Id.* (quoting 20 C.F.R. § 416.926a(b)(1)). The six domains to be addressed by the ALJ include: "(i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being." *Id.* (citing 20 C.F.R. § 416.926a(b)(1)(i)–(vi)).

"A child's impairment or combination of impairments functionally equals the listings and, thus, constitutes a disability under the Act, when it results in 'marked' limitations in two domains or an 'extreme' limitation in one domain, as described under the relevant regulation, 20 C.F.R. § 416.926a." *Perez v. Astrue*, No. 08-cv-02176-PAB, 2009 WL 3076259, at *4 (D. Colo. Sept. 23, 2009). In general, a limitation is "marked" when it "interferes seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation *very* seriously interferes with this ability. 20 C.F.R. § 416.926(e)(3)(i). In determining whether a limitation is marked or extreme, the "whole child" approach seeks answers to questions about the child's activities, limitations, and the factors involved in the limited activities to construct a picture "of the child's functioning in each domain." SSR 09-1p, Title XVI: Determining Childhood Disability under the Functional Equivalence Rule – The "Whole Child" Approach, 2009 WL 396031, at *7 (Feb. 17, 2009).

**B. Standard of Review**

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither

3

reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Furthermore, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

## III. ANALYSIS

Plaintiff contends that the ALJ's decision is not supported by substantial evidence and that she failed to apply the correct legal standards. Doc. 21 at 1. More specifically, Plaintiff contends that the ALJ erred by failing to support her findings that Plaintiff has less than marked limitations in the domains of acquiring and using information, attending and completing tasks,

4

and interacting and relating with others. As explained more below, Plaintiff's arguments on these points essentially ask the Court to reweigh the evidence, which it will not do. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."). The Court therefore rejects Plaintiff's contention that the ALJ's analysis consists of "mostly boilerplate language and minimal analysis." *See* Doc. 21 at 7.

**A. The Domain of Acquiring and Using Information**

This domain considers "a child's ability to learn information and to think about and use the information." SSR 09-3P. "[T]his domain considers more than just assessments of cognitive ability as measured by intelligence tests, academic achievement instruments, or grades in school." *Id.* It involves how well children perceive, think about, remember, and use information in all settings. *Id.* Ultimately, the child's functioning must be compared to the functioning of same-age children without such an impairment based on all the relevant evidence in the case record. *Id.* As with all the domains, the limitations considered must result from a medically determinable impairment. *Id.*

In the present case, the ALJ determined that A.J.L. has a "less than marked" limitation in acquiring and using information. AR 23. The ALJ assigned considerable weight to state agency consultants who opined that Plaintiff has less than marked limitations in this domain. AR 22-23. The ALJ explained that teacher questionnaires reflected that A.J.L. has some problems in this area but that his issues are the result of a lack of motivation, not ability. AR 23. The ALJ further noted that A.J.L.'s behavior and grades improved with a structured class setting and that A.J.L.'s

guardians reported to medical providers that A.J.L. has good grades when he was consistent with his medication. AR 23.

Plaintiff contends that the ALJ conducted an impermissible "pick and choose" with the evidence because the decision failed to properly evaluate A.J.L.'s abilities to independently function. Doc. 21 at 9. Plaintiff relies on four teacher questionnaires filed in 2014. Doc. 21 at 10. For instance, in one questionnaire, teacher Troy Sarracino reported that A.J.L. requires extra attention and he needs repeated instructions. AR 251. Further, Plaintiff notes that teacher Cheryl Valdez reported that A.J.L. has "serious problems" in several areas in this domain, such as reading and comprehending written material, participating in class discussions, and learning new material. *See* AR 259. Plaintiff further contends that the ALJ's finding that A.J.L. has good grades is inconsistent with his recent report cards which show a drop in his school performance.

As an initial matter, the ALJ took into account that A.J.L. often needs support in the learning environment. The ALJ noted that A.J.L.'s teachers indicated some problems in this domain and that he often needs "one-on-one time" to complete tasks. AR 23; AR 259. The ALJ found, however, that his teachers consistently reported that he has the ability but lacks the motivation. AR 23, 251, 268. Second, the teacher evaluations conducted in December 2014 give mixed findings regarding the extent of A.J.L.'s issues in this domain. Contrary to the evaluations above, teacher Clara Bundy reported in December 2014 that A.J.L. had no problems in acquiring and using information (AR 267) and teacher Bonnie Vigil remarked that he has mostly slight problems in this area with the exception of understanding and participating in class discussions. AR 275. Finally, the ALJ did not merely find that A.J.L.'s grades were good but instead that they were good when he consistently used his medication. AR 23. Earlier in her decision, the ALJ noted medical records indicating inconsistent use of his medication during this

timeframe. AR 21; 342, 348. The ALJ further found that despite A.J.L.'s recent drop in grades, his school records affirm that his "academic efforts fluctuate," and that absenteeism affects his ability to learn and progress in school tasks. AR 21, 258. *See* SSR 09-3p (stating that a limitation is not considered unless it results from a medically determinable impairment). At best, Plaintiff has shown conflicting evidence regarding A.J.L.'s impairments in this domain. In sum, substantial evidence supports the ALJ's conclusion that A.J.L.'s limitations in this domain are less than marked.

### B. Domain of Attending and Completing Tasks

This domain considers "a child's ability to focus and maintain attention, and to begin, carry through, and finish activities or tasks." SSR 09-4P. This includes the "child's ability to initiate and maintain attention, including the child's alertness and ability to focus on an activity or task despite distractions, and to perform tasks at an appropriate pace." *Id.* Further, it considers "the child's ability to change focus after completing a task and to avoid impulsive thinking and acting" as well as his or her ability to "organize, plan ahead, prioritize competing tasks, and manage time." *Id.*

In this domain, the ALJ found that A.J.L. has a less than marked impairment. AR 21. The ALJ relied, in part, on state agency consultants who determined that A.J.L.'s limitations in this area were less than marked. AR 23. The ALJ noted that A.J.L. showed progress in this domain due to improvements in classroom structure and management as noted by his homeroom teacher Nadine Reeves. Ms. Reeves also reported that she did not observe any serious problems in this domain. AR 24, 159. Further, the ALJ stated that the majority of A.J.L.'s teachers "found few, if any serious problems and noted improvement or a lack of consistent effort by the claimant." AR 24. Finally, the ALJ found that A.J.L.'s difficulties in this domain were

7

reasonably the result of his "inconsistency in taking medication, unusual school absences, running out of medications, and not taking [medications] when school is out."  AR 24.

In contending that the ALJ erred in regard to her finding in this domain, Plaintiff highlights contrary evidence in the record.  For instance, Mr. Sarracino noted that Plaintiff has an "obvious" problem in completing work. AR 252.  Further, Ms. Valdez reported serious problems in this domain, including difficulties focusing and completing assignments. AR 260. Similarly, Ms. Vigil reported very serious problems completing assignments and working without distracting others. AR 276. Finally, A.J.L.'s father reported that Plaintiff needs constant prompting to complete homework, take medication, and help around the house.  AR 175.

Although Plaintiff raises conflicting evidence, such evidence does not significantly outweigh the substantial evidence the ALJ relied upon in making her determination that A.J.L. has a less than marked limitation in this domain.  *See Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (stating that substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion" but that evidence is not substantial "if it is overwhelmed by other evidence." (internal quotation marks and citation omitted)).  The ALJ noted that A.J.L. has some problems in this domain but, as noted above, concluded based on other evidence in the record that it did not rise to the level of a marked limitation.  Reasonable minds may differ as to this conclusion but it is not the Court's function to substitute its judgment for the ALJ's.  *See Chavez v. Colvin*, Civ. No. 15-589, 2016 WL 8230701, *6 (D.N.M. Sept. 14, 2016) ("Given that the ALJ has articulated substantial evidence which is largely consistent throughout the record to support his determination, [the plaintiff's] mere identification of certain portions of the teacher questionnaires which could potentially support a marked limitation does not allow this Court to reweigh such evidence or substitute its judgment for that of the SSA.").

## C. The Domain of Interacting and Relating to Others

This domain considers a "child's ability to initiate and respond to exchanges with other people, and to form and sustain relationships with family members, friends, and others." SSR 09-5p. "Important aspects of both interacting and relating are the child's responses to persons in authority, compliance with rules, and regard for the possessions of others." *Id.* Further, this domain is concerned with "the speech and language skills children need to speak intelligibly and to understand and use the language of their community." *Id.*

The ALJ relied on state agency consultants in determining that A.J.L. has a less than marked limitation in interacting and relating with others. AR 24. Further, the ALJ noted that although A.J.L.'s father indicated some problems in this area, he testified that A.J.L. does not display disrespectful behaviors. AR 24-25. As for A.J.L.'s teachers, the ALJ found that A.J.L. has demonstrated problems in this area but that he shows improvement with the use of a behavior modification strategy. AR 25. Earlier in her decision, the ALJ further similarly found that A.J.L.'s behavior improves with classroom structure. AR 21.

Plaintiff contends that the ALJ erred in determining that A.J.L. has a less than marked limitation in this domain. Plaintiff highlights reports by teachers indicating that A.J.L has problems playing cooperatively with other children, working with other students, keeping friends, seeking attention, following rules, and using language appropriate to the situation and listener. *See e.g.*, AR 253. Some teachers indicated that other students have requested that they not sit by A.J.L. or be placed with him in group projects. AR 253, 261, 277.

Although these teacher reports indicate problems in this domain, other teachers reported less severe problems. For instance, his homeroom teacher, Ms. Reeves, reported slight problems in playing cooperatively, expressing anger, and respecting authority but otherwise found no other

9

problems. AR 160. She explicitly stated that even these problems were "minimal" and that A.J.L. was improving. AR 160. Similarly, Ms. Bundy reported slight problems in seeking attention appropriately, following rules, and respecting adults in authority but indicated no other issues in this domain. AR 269. Further, as noted by the ALJ, although Mr. Sarracino indicated that Plaintiff had some obvious problems in this domain, he reported that A.J.L.'s behavior was improving. AR 257. In sum, there is conflicting evidence regarding the extent of A.J.L.'s limitations in this domain and the Court is not in a position to reweigh this evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand to Agency for Rehearing (Doc. 21) and AFFIRMS the ALJ's decision.

**IT IS SO ORDERED**.

_____
UNITED STATES MAGISTRATE JUDGE